No. 25-2312 (related to No. 25-2182)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| SHANICE MATHEWS, as guardian ad litem and on behalf of her son, D.W., | On Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Plaintiff-Appellant/Cross-Appellee, | |
| v. | No. 1:18-cv-06675 |
| STATE OF ILLINOIS, ILLINOIS STATE POLICE, J.B. PRITZKER, and BRENDAN F. KELLY, | |
| Defendants-Appellees/Cross-Appellants. | The Honorable JOAN B. GOTTSCHALL, Judge Presiding. |

**DOCKETING STATEMENT**

Defendants-Appellees/Cross-Appellants State of Illinois, Illinois State Police, J.B. Pritzker, and Brendan F. Kelly ("Defendants-Appellees") submit this docketing statement as required by 7th Cir. R. 3(c).

1. On October 3, 2018, Demetria Powell as guardian ad litem and on behalf of her son D.P., Tanya Reese as guardian ad litem and on behalf of her son M.R., and Tywanna Patrick as guardian ad litem and on behalf of her granddaughter J.C. filed an action in the district court. Doc. 1. The complaint, filed on behalf of plaintiffs and a class of similarly situated children, *id.* at 4, named the following defendants: the State of Illinois, the Illinois State Police, Bruce Rauner in his official capacity as Governor of the State of Illinois, and Leo P. Schmitz in his official capacity as Director of the Illinois State Police, *id.* at 5-6.

2. On September 30, 2019, the district court granted in part and denied in part the defendants' motion to dismiss the action under Fed. R. of Civ. P. 12(b)(1) and 12(b)(6). Doc. 37 at 34. On October 28, 2019, defendants filed a notice of interlocutory appeal on the portion of the order entered by the district court on September 30, 2019, denying defendants' motion to dismiss in which they argued that the relief requested by plaintiffs was barred by the Eleventh Amendment. *See* Doc. 45. On August 6, 2021, this court dismissed the appeal under Fed. R. App. P. 42(b). *See Powell v. State of Illinois*, No. 19-3144, Doc. 25.

3. On October 24, 2023, Plaintiff-Appellant/Cross-Appellee Shanice Mathews, as guardian ad litem and on behalf of her son D.W. ("Plaintiff-Appellant"), filed the operative fourth amended complaint. Doc. 178. This complaint was filed on behalf of Plaintiff-Appellant and a class of similarly situated children against Defendants-Appellees State of Illinois; Illinois State Police, J.B. Pritzker, in his official capacity; and Brendan F. Kelly in his official capacity. *Id.* Plaintiff-Appellant sought relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Illinois Civil Rights Act of 2003, 740 Ill. Comp. Stat. 23/5(a)(2). *See* Doc. 178 at 19-28. The district court lacked subject-matter jurisdiction over Plaintiff-Appellant's action because she failed to demonstrate Article III standing. *See* Doc. 185.

4. Defendants-Appellees moved to dismiss the fourth amended complaint for lack of Article III standing under Fed. R. Civ. P. 12(b)(1) and, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Docs. 184-85. On June

13, 2025, the district court determined that Plaintiff-Appellant lacked Article III standing and dismissed the fourth amended complaint without prejudice. Doc. 212. The district court did not reach Defendants-Appellees' alternative arguments that Plaintiff-Appellant's claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 2, 9. That same day, the district court entered a separate judgment under Fed. R. Civ. P. 58. *See* Doc. 213.

5. On July 11, 2025, Plaintiff-Appellant filed a notice of appeal in the district court. *See* Doc. 214. Plaintiff-Appellant's notice was timely because it was filed within 30 days of the district court's judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). This court docketed that appeal as No. 25-2182.

6. Twelve days later, on July 23, 2025, Defendants-Appellees filed a timely notice of cross-appeal in the district court because it was filed within the additional 14-day period provided for cross-appeals under Fed. R. App. P. 4(a)(3). *See* Doc. 218. In the notice of cross-appeal, Defendants-Appellees indicated that by appealing the district court's June 13, 2025 judgment, they were requesting that the district court's judgment in their favor be affirmed but with prejudice. *Id.*

7. Defendants-Appellees filed their notice of cross-appeal solely for the purpose of preserving their ability to enlarge the judgment from one without prejudice to one with prejudice based on alternative arguments as to why Plaintiff-Appellant's claims should have been dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 970 (7th Cir. 2016).

8.   This court docketed this appeal as No. 25-2312.  Because the appeals docketed No. 25-2182 and No. 25-2312 are related, given that they arose from the same judgment, they should be consolidated.  And because the notice of cross-appeal was filed merely to enlarge the judgment for Defendants-Appellees if this court were to affirm based on their alternative arguments, Defendants-Appellees propose that a regular briefing schedule, that is one that allows an opening, response, and reply briefs, rather than cross-response and reply briefs, should be entered.  Defendants-Appellees plan to file a separate motion to consolidate and set a briefing schedule along those lines if the court does not act on its own motion based on this docketing statement.

    Respectfully submitted,

    KWAME RAOUL
    Attorney General
    State of Illinois

By:   /s/ Sarah A. Hunger
    SARAH A. HUNGER
    Deputy Solicitor General
    115 South LaSalle Street
    Chicago, Illinois 60603
    (312) 814-5202 (office)
    (312) 771-3885 (cell)
    Sarah.Hunger@ilag.gov

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 3, 2025, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah A. Hunger
SARAH A. HUNGER
Deputy Solicitor General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5202 (office)
(312) 771-3885 (cell)
Sarah.Hunger@ilag.gov